**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDSEY N. JOLLY, a U.S. Citizen, | |
| Plaintiff, | Case No. 1:19-cv-272 |
| 54462 Upper Dry Creek Road<br>Weston, OR 97886 | |
| v. | |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel<br>Department of Homeland Security<br>Mail Stop 3650<br>Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>Services<br>425 I. Street, N.W., Room 6100<br>Washington, D.C. 20536 | |
| UNITED STATES DEPARTMENT OF<br>STATE, | |
| Serve:  Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522 | |
| EMBASSY OF THE UNITED STATES,<br>ISLAMABAD, PAKISTAN, | |
| Serve:  Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522 | |

KIRSTJEN NIELSEN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

L. FRANCIS CISSNA, Director of the
United States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

MICHAEL POMPEO, United States
Secretary of State,

Serve:  U.S. Department of State
        2201 C Street NW
        Washington, DC 20520

and;

DAVID HALE, Ambassador of the
United States at the U.S. Embassy,
Islamabad, Pakistan,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

    Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S SPOUSE VISA APPLICATION**

Plaintiff Lindsey N. Jolly respectfully requests a hearing before this Honorable Court to issue a writ of mandamus compelling Defendants to adjudicate the long-delayed spouse visa application filed by Plaintiff on behalf of her foreign-born spouse.

**PARTIES**

1. Plaintiff Lindsey N. Jolly is a U.S. citizen.

2. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

3. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file fiance visa applications.

4. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Islamabad, Pakistan, and which is responsible for implementing the immigrant visa provisions of the law.

5. Defendant Embassy of the United States in Islamabad, Pakistan (hereinafter

sometimes referred to as "the Islamabad Embassy") is a component of the DOS that is responsible for processing fiance visa applications and implementing federal immigration law.

6.  Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the government of the United States.

7.  Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS.  Cissna is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cissna is sued in his official capacity as an agent of the government of the United States.

8.  Defendant Michael Pompeo, Secretary of State, is the highest ranking official within the DOS.  Tillerson is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Pompeo is sued in his official capacity as an agent of the government of the United States.

9.  Defendant David Hale is the Ambassador of the Embassy of the United States in Islamabad, Pakistan.  Hale is being sued in his official capacity as an agent of the

government of the United States.

## JURISDICTION AND VENUE

10. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

11. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants maintain their offices within this district.

12. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to the fiance visa applications.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Federal law provides that because Lindsey N. Jolly is a U.S. citizen, she is entitled to file an I-130 application through Defendant USCIS to bring her husband to the United States and to obtain lawful permanent resident status for him.

14. The spouse of Lindsey N. Jolly is a Pakistani citizen.  His name is Muhammad Raza Khan.  Pakistan is a predominantly Muslim country.

15. Lindsey N. Jolly filed an I-130 Petition for Alien Relative on August 31, 2017.

16. Plaintiff paid all applicable filing and visa fees.   Defendants accepted and retained all fees paid by Plaintiff.

17. Defendant USCIS purportedly approved Plaintiff's spouse visa petition on March 22, 2018.   The USCIS allegedly forwarded the approved petition to the National Visa Center (hereinafter sometimes referred to as the "NVC"), a division of the DOS, for processing.

18. When the case reached the NVC, the State Department assigned it case number ISL2018642097.   On September 13, 2018, Plaintiff's spouse was scheduled for an embassy interview in Islamabad, Pakistan.   Since that time, Defendants have refused to issue a decision on the case of Plaintiff's husband and he has never received a final adjudication of his visa application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For her first claim for relief against all Defendants, Plaintiff alleges and states as follows:

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."   5 U.S.C. § 555(b).   Section 555(b)

creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

23. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

24. On information and belief, Plaintiff alleges that the DHS, USCIS, and Fairfax Field Office of the USCIS are intentionally delaying a response to the DOS in regard to the fiance visa applications pursuant to the CARRP program. Plaintiff alleges that this delay is due to the fiances being from a predominantly Muslim country.

25. Upon information and belief, Plaintiff alleges that the DOS is and has been complicit in the delay in processing the fiance visa applications.

26. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a

potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

27. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

28. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

29. Plaintiff alleges that the fiance visa applications have been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

30. The combined delay and failure to act on the fiance visa applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

31. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

32. Plaintiff has exhausted all administrative remedies available to her in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

33. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

34. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

35. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

36. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing a loss of consortium between her and her husband and their son, a U.S. citizen, among other ways.  They have been denied the opportunity to begin their life together in the U.S. and to begin building a family.

## REQUEST FOR RELIEF

WHEREFORE Lindsey N. Jolly requests the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.  Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3.  Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's spouse visa application;

4.  Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6.  That this Honorable Court take jurisdiction of this matter and adjudicate the fiance visa applications pursuant to this Court's declaratory judgment authority;

7.   That this Honorable Court issue a writ of mandamus compelling Defendants to complete the processing of both cases and to adjudicate both cases;

8.  That this Honorable Court issue a writ of mandamus compelling Defendants to

explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action she may take to accelerate processing of the visa application;

9.  Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
this 31st day of January, 2019


**_/s/ James O. Hacking, III_**
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Road | Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**